JOEL G. JACKSON *vs.* KANSAS CITY PACKING COMPANY.

January 18, 1890.

Action for Money Collected by Agent — Effect of General Denial.—
In an action for money collected by defendant as agent for, and for the
use and benefit of, the plaintiff, a general denial will not admit evidence
of matter in discharge of the duty to pay the money incurred by collect-
ing the money as agent for plaintiff.

Same — Evidence of Assignment to Defendant after Collection. — In
such an action, an offer to prove an arrangement by which plaintiff as-
signed the amount to defendant, to be applied on an indebtedness from
plaintiff to it,—neither the offer nor other evidence making it appear that
such arrangement was before the collection,—is not admissible under a
general denial.

Evidence Offered must be shown to be Admissible.—A party offering
evidence must make it appear from the offer, or from that in connection
with evidence already given, that the evidence offered is admissible un-
der the pleadings.

Appeal by defendant from an order of the district court for Hen-
nepin county, *Lochren*, J., presiding, refusing a new trial after verdict
of $1,212.69 for plaintiff.

*Keith, Evans, Thompson & Fairchild,* for appellant.

*Torrance & Fletcher,* for respondent.

GILFILLAN, C. J.   The complaint alleges, among other causes of
action, that on July 1, 1888, the defendant, as agent of and at the
request of plaintiff, collected and received from the Wabash Western
Railway Company, for the use and benefit of the plaintiff, the sum of
$1,095.58, which defendant, on demand, refused to pay plaintiff.
The answer contains only a general denial.   At the trial, plaintiff
introduced evidence tending to prove his cause of action.   Defendant
then offered to prove, in effect, that after the plaintiff had placed the
claims against the railroad company in the hands of the defendant for
collection, he assigned the amount of them to defendant, to be applied
on an indebtedness claimed by it to exist in its favor against plaintiff.
If defendant collected the claims as agent of plaintiff, its duty to pay

the amount to him, when demanded, then arose; and any matter, such as payment or otherwise, to discharge it of this duty, could not be proved under a mere denial that it collected and received the money as agent. It would be new matter, not covered nor suggested by the denial.

In offering evidence, the party offering it must make it appear, from the offer, or from that in connection with evidence already in, that the evidence offered is admissible under the pleadings. The defendant did not comply with this requirement. There was nothing in the evidence already in, nor in the offer, nor both, from which the court could see with certainty that the arrangement offered to be proved was before the collection by defendant. Certainly, proof of any such arrangement could have no bearing on the issue made by the general denial, unless it was such as to show in what character the defendant made the collection,—whether as agent or as principal, —and whether, at the time when collected, the money was plaintiff's or defendant's. That question could not be affected by any arrangement made subsequent to the collection. The court was therefore right in excluding, on objection, the evidence offered.

Order affirmed.